## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AMIEE DILLWORTH,
    Appellant,

  v.

DEPARTMENT OF JUSTICE,
    Agency.

DOCKET NUMBER
NY-0752-15-0196-I-1

DATE: October 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>J. Cathryne Watson</u>, Esquire, Washington, D.C., for the appellant.

<u>Marlon A. Martinez</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant held a Supervisory Intelligence Analyst position with the agency's Federal Bureau of Investigation (FBI), in Albany, New York. Initial Appeal File (IAF), Tab 8 at 7. In April 2013, the agency proposed removing her based upon allegations of insubordination and false attendance reporting. IAF, Tab 7 at 13-15. The appellant provided a written and an oral response to the proposal in July 2013. *Id.* at 13. Days later, the deciding official issued a decision to remove the appellant from service. *Id*. at 13-19. The removal was effectuated on July 19, 2013. IAF, Tab 8 at 7.

¶3 On April 29, 2015, the appellant filed a Board appeal, challenging her removal from service. IAF, Tab 1. After providing the parties with an opportunity to address the timeliness of her appeal, IAF, Tabs 11, 13-14, the administrative judge dismissed the appeal as untimely filed without good cause shown for the delay, IAF, Tab 15, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

¶4 Following her removal, the appellant challenged the action through the FBI's Disciplinary Review Board (DRB). IAF, Tab 13 at 6-7. The DRB issued a final decision, affirming her removal, on March 30, 2015. *Id*. The appellant argued below, and again on review, that her subsequent Board appeal is timely

because she filed within 30 days of that DRB decision. *Id*. at 4; PFR File, Tab 1 at 4-5. We disagree. The appellant, in her pleadings, did not provide any argument or evidence to show good cause for her delay in filing.

¶5        An appellant bears the burden of proof regarding the timeliness of her appeal. 5 C.F.R. § 1201.56(b)(2)(i)(B). Generally, an appellant must file an appeal no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of her receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). If an appellant does not submit an appeal within the time set by the applicable law or regulation, the appeal will be dismissed as untimely filed unless a good reason for the delay is shown. 5 C.F.R. § 1201.22(c); *see Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980) (finding that to establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case).

¶6        In this case, it is undisputed that the agency notified the appellant of its decision to remove her on July 16, 2013, and effectuated that removal on July 19, 2013. IAF, Tab 7 at 13, Tab 8 at 7. It is also undisputed that the agency's decision letter informed the appellant of her Board appeal rights, including the applicable timeliness requirements. IAF, Tab 7 at 17. Specifically, the removal letter explained that a Board appeal "must be filed no later than thirty calendar days from the effective date of this action or thirty days after the date of receipt of *this* decision, whichever is later." *Id*. (emphasis added). Therefore, the 30-day period during which the appellant could file a timely appeal started on July 19, 2013, the day her removal was effectuated. *See, e.g.*, *Montgomery v. U.S. Postal Service*, 77 M.S.P.R. 401, 403-04 (1998) (discussing that an appeal of a removal action must be filed with the Board no later than 30 days after the effective date of that removal action or 30 days after receiving notice of the agency's decision to remove, whichever is later); 5 C.F.R. § 1201.22(b)(1). The appellant's challenge of her removal through the agency's DRB process did not extend that

30-day period. *See generally Anderson v. U.S. Postal Service*, 109 M.S.P.R. 558, ¶ 7 (2008) (explaining that the pursuit of a grievance does not extend the time for filing a Board appeal challenging a removal from service). The appellant has presented no law, rule, regulation, or Board precedent in support of her argument to the contrary.

¶7      Because we find no merit to the appellant's assertion that she was timely in appealing her July 19, 2013 removal on April 29, 2015, and she has presented no argument or evidence to establish good cause for her untimeliness, we affirm the administrative judge's decision to dismiss the appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.